IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GLENN P. HILL,

    Plaintiff,

  v.

THE SCOOTER STORE, et al.,

    Defendants

No. C-06-4740 MMC

**ORDER DIRECTING DEFENDANTS TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED; DIRECTING DEFENDANTS TO FILE COPIES OF DOCUMENTS REFERENCED IN NOTICE OF REMOVAL**

Before the Court is the Notice of Removal, filed August 4, 2006, by defendants The Scooter Store - San Francisco, L.L.C. ("Scooter Store SF") and Roland Martini ("Martini"), by which defendants seek to remove a complaint filed in state court by plaintiff Glenn P. Hill ("Hill").

In the Notice of Removal, defendants allege the instant complaint is removable on the basis of diversity jurisdiction. In support of this assertion, defendants allege the amount in controversy exceeds $75,000, (see Notice of Removal at 3:13-14 (citing Austin Affidavit ¶ 6)), and the joinder of non-diverse defendant Martini is "fraudulent," (see id. at 2:22 - 3:9).[1] Defendants' allegations with respect to the citizenship of Scooter Store SF, however, are insufficient to allege the existence of diversity jurisdiction. In particular, defendants

---

[1] On August 11, 2006, defendants filed a motion, scheduled for hearing September 22, 2006, by which defendants seek dismissal of the claims against Martini on the ground he has been improperly joined herein.

1 allege the sole member of Scooter Store SF, a limited liability corporation, is a Nevada corporation known as The Scooter Store - USA, Inc. ("Scooter Store USA").  See id. at 2:15-16; Johnson v. Columbia Properties Anchorage, LP, 437 F. 3d 894, 899 (9th Cir. 2006) (holding limited liability corporation is "citizen of every state in which its owners/members are citizens").  Defendants fail to allege, however, the state in which Scooter Store USA maintains its principal place of business, see 28 U.S.C.A. § 1332(c)(1) (providing, for diversity of citizenship purposes, corporation is citizen of state where it is incorporated and state where it has principal place of business), and, consequently, have failed to allege that Hill and Scooter Store USA are citizens of different states.

Accordingly, defendants are hereby ORDERED TO SHOW CAUSE, in writing and no later than August 25, 2006, why the instant action should not be remanded for lack of subject matter jurisdiction.

Further, defendants assert in the Notice of Removal that they have attached thereto certain documents, specifically, Hill's complaint, the summons issued by the state court, Hill's proof of service on Scooter Store SF, and Scooter Store SF's answer.  (See Notice of Removal at 1:17-27.)  None of those documents, however, is attached to the Notice of Removal.  Accordingly, defendants are hereby ORDERED to file, no later than August 25, 2006, a supplement to the Notice of Removal, attaching thereto the above-referenced documents.  See 28 U.S.C. § 1447(b) (providing district court may require removing party to file copies of documents filed in state court).

**IT IS SO ORDERED.**

Dated: August 16, 2006

MAXINE M. CHESNEY
United States District Judge